Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6706 | **DATE** | 7/7/2010 |
| **CASE TITLE** | Integrated Genomics, Inc. vs. Kyrpides, et al. | | |

**DOCKET ENTRY TEXT**

Enter Rulings on Defendant's Motions in Limine [222-7]. See Statement.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

I. Motion to bar Kyrpides's post-Integrated communications with Joukov, Kaznadzey, and Campbell

This motion is granted. Trial is limited to the issue of whether Kyrpides solicited Ivanova in violation of the non-solicitation provision of his employment agreement and/or his fiduciary duty. Absent specific reference to Ivanova, any of Kyrpides's post-employment communications with other Integrated employees regarding work at or with JGI is irrelevant. Although Integrated posits that evidence of Kyrpides's solicitation of other Integrated employees demonstrates a pattern of solicitation, such pattern evidence is not admissible under Federal Rule of Evidence 404(b) to show action in conformity therewith.

II. Motion to bar Integrated from providing estimates or opinions of costs and expenses to hire a "qualified replacement for Ivanova"

This motion is denied. In ruling on the parties' motions for summary judgment, the court concluded that Integrated had sufficiently established that it suffered damages as a result of Ivanova's departure, leaving open the issue of the extent of such damage. In his motion in limine, Kyrpides improperly seeks to relitigate the issue of the existence of damages and their calculation. Integrated will have the opportunity to present evidence on what it believes to be its damages from any alleged solicitation, and Kyrpides will have the opportunity to challenge the same. Elling and Bhattacharyya may give lay witness testimony regarding damages based on their knowledge of Integrated's business pursuant to Rule 701. *See Cent. States, SE & SW Areas Pension Fund* v. *Transp. Serv. Co.*, No. 00 C 6181, 2009 WL 424145, at *5 (N.D. Ill. Feb. 17, 2009). Information as to Kyrpides's salary during the time in which he is alleged to have solicited Ivanova may become relevant if the court finds that Kyrpides willfully and deliberately violated his breach of fiduciary duty. While Integrated will have to present evidence to establish a willful and deliberate violation, it would be premature to conclude that Integrated cannot do so and thus bar evidence regarding Kyrpides's salary and

| STATEMENT |
|---|

benefits.

III.     Motion to bar Integrated from providing any opinion or testimony that it "lost customers as a result of its inability to offer services that Ivanova had provided prior to her departure from the company"

   This motion is granted.  In its itemized statement of damages, Integrated has not included any damage amount related to customers it allegedly lost as a result of Ivanova's departure from Integrated.  Without Integrated seeking damages for such lost profit in the pretrial order, any evidence regarding customers lost would not be relevant to the court's damages determination.  *See Gorlikowski* v. *Tolbert*, 52 F.3d 1439, 1443–44 (7th Cir. 1995) ("Since the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, a claim or theory not raised in the pretrial order should not be considered by the fact-finder.").